The motion to vacate the directed verdict is denied. The defendant may have ten days' stay of execution and thirty days within which to make a case on appeal.

Motion denied.

---

New York Central and Hudson River Railroad Company, Appellant, *v.* John D. Shelmidine, Respondent.

(County Court, Jefferson County, June, 1915.)

Carriers — when not estopped from recovering schedule rate — Public Service Commissions Law.

Where through the oversight or mistake of a railway agent a ticket was sold to defendant good for transportation to and from a certain point for less than the regular schedule rate, the railway company is not estopped and may recover from defendant the difference between what he paid for his ticket and the amount of the regular schedule rate posted in accordance with the Public Service Commissions Law.

Appeal from a judgment of a Justice's Court rendered in favor of defendant.

Purcell, Cullen & Purcell, for appellant.

Breen & Breen, for respondent.

Reeves, J. The plaintiff is a common carrier of passengers and freight and the defendant is a person not in its employ. Desiring to go to New York, the defendant, in March, 1913, purchased of the plaintiff's agent at Adams a ticket good for transportation to

and from that city.   The ticket was honored by those in charge of the plaintiff's trains and upon it the defendant rode from Adams to New York and from New York back to Adams.   The only scheduled rate posted in accordance with the Public Service Commissions Law for this service was thirteen dollars and fifty-six cents, but, through some oversight or mistake, the agent at Adams sold the ticket to defendant for seven dollars and eighty cents, and the defendant paid only that amount for such transportation.   This action is to recover the difference between the seven dollars and eighty cents paid and the thirteen dollars and fifty-six cents, the only rate which, under the law, the plaintiff had a right to charge for the service rendered the defendant.

The defendant claims misrepresentation on the part of the agent, inducing the defendant to purchase, and that plaintiff is now estopped from charging or collecting the regular price.   In cases under the same law involving misrepresentation in freight charges it has been held that it is unlawful for a carrier to contract to carry freight at a lower rate than its duly scheduled tariff rates and that neither by contract nor through mistake or inadvertence can it estop itself from demanding and collecting the balance of the lawful rate when it has delivered goods without charging the same in full; that the statute makes it as much the duty of the passenger to pay the regular compensation as of the carrier to collect it, and that neither party to the agreement can avail himself of the terms of a special contract for rates below the properly scheduled one.   *Pennsylvania R. R. Co.* v. *Titus*, 156 App. Div. 830, 832; *N. Y. C. & H. R. R. R. Co.* v. *Smith*, 62 Misc. Rep. 526; *Pennsylvania R. R. Co.* v. *Ketaro*, 71 id. 412, and cases cited in these decisions.

The jury in the case at bar had, upon the evidence, a right to find a special contract for transportation from Adams to New York and return for seven dollars and eighty cents and, for the purpose of this appeal, it will be held that they did so find. But if the same law applies to discrimination in passenger rates that has been held to apply to discrimination in freight rates, this does not avail the defendant. As to freight rates, under the authorities, whatever the special contract may have been, or to whatever extent the parties have acted under it or have been misled by it, there can be no estoppel and the carrier *must,* under the law, demand and collect the regular scheduled rates.

Section 31 of the Public Service Commissions Law provides that " No common carrier shall, directly or indirectly, by any special rate, rebate, drawback, or other device or method, charge, demand, collect or receive from any person or corporation a greater or less compensation for any service rendered or to be rendered in the transportation of *passengers, freight or property*, except as authorized in this act, than it charges, demands, collects or receives from any other person or corporation for doing a like and contemporaneous service in the transportation of a like kind of traffic under the same or substantially similar circumstances and conditions." A provision in section 33 provides for the issuance of mileage, excursion and commutation tickets, but in these, before they can become effective, copies of the tariff proposed must be filed with the commission and, besides, the clear intent of this provision is that mileage, excursion or commutation rates shall apply to all persons who desire to take advantage of them alike. It is not claimed that a seven dollar and eighty cent rate from Adams to New York and return had been so filed, or

that any person other than the defendant had been given such a rate. Neither from the language nor from the purpose of the law can any distinction be drawn between discrimination in passenger and discrimination in freight rates and, in my opinion, the same rules govern both.

The judgment of this Justice's Court is, therefore, reversed, with costs.

Judgment reversed, with costs.